UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br><br>V.<br><br>AVERY VINSON POYNTER,<br>　　Defendant. | CRIMINAL NO. 5:05-23-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

　　Defendant Avery Vinson Poynter requests (DE 65) compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 64). For the following reasons, the Court will deny the motion.

　　Poynter pleaded guilty to four counts of traveling in interstate commerce to engage in sexual conduct with a minor. By an Amended Judgment (DE 52) dated August 4, 2008, the Hon. Jennifer B. Coffman sentenced Poynter to a total term of imprisonment of 360 months. Poynter appealed his sentence and the Sixth Circuit Court of Appeals affirmed it, finding the sentence procedurally and substantively reasonable. (DE 56, Aug. 26, 2009 Opinion.)

　　He now moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He states he has chronic obstructive pulmonary disorder (COPD), coronary artery disease, and hypertension. He states these underlying medical conditions increase the risks associated with COVID-19. He also states that he is the only child to parents who are 76 and 78, whose need for daily assistance has increased due to the risks posed by COVID-19.

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. See 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. The government concedes that more than 30 days have lapsed since Poynter requested compassionate release from the warden and that, accordingly, the Court has authority to consider his request for compassionate release. (DE 67, Response at 3-4.)

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.

One of these is the medical condition of the defendant. The defendant must be suffering from a "terminal illness," or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. Here, the government concedes that "with a serious medical condition like COPD, Poynter cannot 'self-care' within the prison setting because he cannot self-isolate and so there are 'extraordinary and compelling reasons' making Poynter eligible for a reduction of his sentence." (DE 67, Response at 7.)

The next issue is whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020). These factors include, among other things: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the sentencing range for the applicable category of offense; and (3) the need for the sentence imposed to adequately deter criminal conduct, to protect the public from the defendant's further crimes, and to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). The court must also find that the defendant "is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13 (referencing 18 U.S.C. § 3142(g)).

The Court finds that the factors under 18 U.S.C. § 3553(a) do not support Poynter's release. His offense is a serious one. He pleaded guilty to traveling with minor males on multiple occasions from Kentucky to other states for the purpose of engaging in sex acts with them. He had a prior history of similar offenses. In 1989, he was convicted of multiple counts of sodomy involving a minor. He was sentenced to 20 years for that conduct but was paroled in 1993. The Court cannot find that Poynter would not pose a danger to the safety of any person or the community if he were to be released. Poynter has served only about 50 percent of his 30-year sentence. In finding compassionate release inappropriate, the Court has also considered the need for Poynter's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment.

Accordingly, the Court hereby ORDERS that Poynter's motion for compassionate release (DE 65) is DENIED.

Dated October 15, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY